Filed 7/9/13  In re J.G. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re J.G., JR., et al., Persons Coming Under the Juvenile Court Law. | B244778 (Los Angeles County Super. Ct. No. CK94093) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. J.G., SR., Defendant and Appellant. | |

APPEAL from the judgment and orders of the Superior Court of Los Angeles County, Debra Losnick, Juvenile Court Referee.  Affirmed.

Thomas S. Szakall, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Jeanette Cauble, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

J.G., Sr., (father) appeals from the dependency court's judgment and orders of October 11, 2012, declaring his three children (the children) dependents of the court under Welfare and Institutions Code sections 360[1] and removing them from his custody. He contends substantial evidence does not support the jurisdictional finding that his conduct placed the children at risk of abuse or neglect or the order removing them from his custody. We conclude substantial evidence supports the finding and the removal order. Accordingly, we affirm.

## STATEMENT OF FACTS AND PROCEDURE

J.G., Jr., born in 2009, N.G., born in 2011, and J.G., born in June 2012, are the children of S.H. (mother) and father,[2] who lived together.[3] Father had a long history of drug use and sales, criminal convictions, and incarcerations. He was convicted of first degree burglary (Pen. Code, § 459) in 2000 and given a suspended sentence of 4 years in prison, on condition he serve 36 months' probation and 365 days in jail. He was convicted of misdemeanor battery (Pen. Code, § 242) in 2001 and sentenced to 90 days in jail. He was convicted of vehicle theft (Veh. Code, § 10851, subd. (a)) in 2001 and sentenced to three years' probation and 90 days in jail. In 2002, he was convicted of misdemeanor false identification to specific peace officers (Pen. Code, § 148.9, subd. (a)) and sentenced to 36 months' probation and 10 days in jail. He was convicted of vehicle theft (Pen. Code, § 10851, subd. (a)) in 2002 and sentenced to two years in prison. He was convicted of first degree burglary (Pen. Code, § 459) in 2003 and sentenced to four years in prison. He was convicted of possession of narcotics (Health & Saf., § 11350, subd. (a)) in 2009 and sentenced to three years' probation and 365 days in jail. On

---

[1]     All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[2]     Father was found to be the presumed father of the children.

[3]     An older half sibling, D. H., born 2000, lived with the family.

August 23, 2011, probation was modified, and he was sentenced to 180 days in jail.

J.G. was detained in the hospital at birth by the Department of Children and Family Services (the Department), because he was born prematurely[4] with amphetamines and opiates in his system.[5] He suffered from respiratory distress syndrome, presumed sepsis, and metabolic acidosis. A section 300 petition was filed. The dependency court ordered the children detained.

Father had only one visit with the newborn before he was arrested in June 2012 for violating probation. He remained incarcerated until August 10, 2012. He stated he participated in a drug program in connection with his 2009 conviction, but he did not remember the program's name. He agreed to submit to drug testing and participate in individual counseling and parenting. He failed to enroll in any program. He did not cooperate with the social worker, attend scheduled meetings, or cooperate with a court-ordered multidisciplinary assessment of the family. He failed to comply with the agreed-to random drug testing: he was a "no show" on each date in August and September when he was called to provide specimens. He failed to visit the children in placement. Father denied mother used drugs or displayed any signs of using drugs. He lived with mother.

The children had special needs. J.G., Jr.'s mental health functioning was impaired, and he was at risk for developmental delays. His behaviors indicated "underlying anxiety, including hyper-vigilance, guardedness, shut-down behaviors, averting eye contact, non-responsiveness, and a limited range of affect/emotion. It is difficult to determine whether [his] symptoms are a response to trauma, neglect, exposure to substances in utero, or a combination thereof[.]" N.G. was severely delayed. He displayed mental health symptoms of severe neglect and of not being provided with appropriate stimulation for development. Infant J.G. displayed "irritability, tremors, rigidity, an excessive startling reflex and excessive hiccupping, which are all typical signs

---

[4]     N.G. was also born prematurely.

[5]     Mother had a history of abusing drugs and drug-related criminal convictions.

of [drug] withdrawal[.]" His withdrawal was painful. As a result of his withdrawal symptoms, he "was not yet working on his developmental tasks." All three children were referred to the regional center.[6] They needed consistent attachment figures.

On October 11, 2012, the children were declared dependents of the court based on sustained allegations under section 300, subdivision (b), as to father: "father's failure to protect" from mother's substance abuse placed the children at risk of harm; and father's history of criminal convictions, including convictions for narcotics possession, burglary, and battery, and incarceration at the time of the children's detention, placed the children at risk of harm. Custody was taken from the parents. Father was granted reunification services and monitored visitation. He was ordered to take ten random drug tests, and, if any test was missed or dirty, he would be required to complete a full drug rehabilitation program. He was also ordered to complete parenting, participate in individual counseling, and comply with all terms of parole or probation.

## DISCUSSION

## Substantial Evidence

### A. Substantial Evidence Supports the Allegation Father's Criminal History Places the Children at Risk of Harm

Father contends substantial evidence does not support the finding under section 300, subdivision (b) that his history of criminal convictions and incarceration places the children at risk of physical harm. We disagree with the contention.

In determining whether an order is supported by substantial evidence, "we look to see if substantial evidence, contradicted or uncontradicted, supports [it]. [Citation.] In

---

[6]     Regional centers assist persons with developmental disabilities and their families "in securing those services and supports which maximize opportunities and choices for living, working, learning, and recreating in the community." (§ 4640.7, subd. (a).)

4

making this determination, we draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations[.]" (*In re Heather A.* (1996) 52 Cal.App.4th 183, 193.) Issues of fact and the credibility of witnesses are questions for the trial court. (*In re Carmaleta B.* (1978) 21 Cal.3d 482, 494-495.) "We do not reweigh the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the findings of the trial court." (*In re Matthew S.* (1988) 201 Cal.App.3d 315, 321.) Thus, the pertinent inquiry is whether substantial evidence supports the finding, not whether a contrary finding might have been made. *(In re Dakota H.* (2005) 132 Cal.App.4th 212, 228.)

Section 300, subdivision (b) describes in pertinent part a child who has suffered, or is a substantial risk of suffering, "serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child, . . . or by the inability of the parent or guardian to provide regular care for the child due to the parent's . . . substance abuse."

"While evidence of past conduct may be probative of current conditions, the question under section 300 is whether circumstances *at the time of the hearing* subject the minor to the defined risk of harm." (*In re Rocco M.* (1991) 1 Cal.App.4th 814, 824.) The purpose of the juvenile court law is to provide "maximum safety and protection for children" being harmed or who are at risk of harm. (§ 300.2.) "The provision of a home environment free from the negative effects of substance abuse is a necessary condition for the safety, protection and physical and emotional well-being of the child. Successful participation in a treatment program for substance abuse may be considered in evaluating the home environment." (*Ibid.*)

A missed drug test is considered a dirty drug test. (See *In re Raymond R.* (1994) 26 Cal.App.4th 436, 439.)

Father's 12 years of serial criminal activity and incarcerations, during which he was not available to care for and protect the children, is substantial evidence of a risk of caretaker absence, which places the children at substantial risk of harm. Even if father's

5

statement he completed a drug program, whose name he did not know, was credible, his 2009 conviction of narcotics possession, coupled with the recent missed drug tests that he had agreed to submit to, is substantial evidence he was unable to provide regular care due to substance abuse.

Father reargues the evidence and asks us to reweigh it. This we will not do. Our role is to determine whether substantial evidence supports the finding. In this case, ample substantial evidence supports the finding father's history of criminal convictions and incarceration places the children at risk of physical harm.

### B. We Need Not Decide Whether Father's Failure to Protect Endangers the Children

The dependency court found under section 300, subdivision (b) that mother has a history of substance abuse and infant J.G. was born with drugs in his system, and such abuse by mother, and father's "failure to protect the children," places the children at risk of harm. Father contends substantial evidence does not support the finding that his failure to protect the children from mother's drug use was neglectful and caused serious harm. We need not decide the contention. "When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence." (*In re Alexis E.* (2009) 171 Cal.App.4th 438, 451 [where substantial evidence supported jurisdiction under section 300, subdivision (b) based on father's history of domestic violence, the court did not need to decide whether jurisdiction was also supported by father's drug use]; accord, *In re I.J.* (2013) 56 Cal.4th 766, 773.) Here, dependency court jurisdiction over the children under section 300, subdivision (b) is supported by mother's drug use and father's criminal history, and father does not identify

any consequence to him from the challenged finding. Therefore, we decline to review whether father's failure to protect constitutes an additional basis for jurisdiction.

## C. The Removal Order is Supported by Substantial Evidence

Father contends it was an abuse of discretion to order the children removed from his custody. We disagree with the contention.

"'The juvenile court has broad discretion to determine what would best serve and protect the child's interest and to fashion a dispositional order in accordance with this discretion. [Citations.] The court's determination in this regard will not be reversed absent a clear abuse of discretion.' [Citation.]" (*In re Corrine W.* (2009) 45 Cal.4th 522, 532.) "'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' [Citations.]" (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.) "[W]hen a court has made a custody determination in a dependency proceeding, '"a reviewing court will not disturb that decision unless the trial court has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination [citations]."' [Citations.]" (*Id.* at p. 318.) Where substantial evidence supports the order, there is no abuse of discretion. (*In re Daniel C. H.* (1990) 220 Cal.App.3d 814, 839.)

Section 361 provides in pertinent part: "(c) A dependent child may not be taken from the physical custody of his or her parents or guardian or guardians with whom the child resides at the time the petition was initiated, unless the juvenile court finds clear and convincing evidence[:] [¶] (1) There is or would be a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the minor were returned home, and there are no reasonable means by which the minor's physical health can be protected without removing the minor from the minor's parent's . . . physical custody."

7

The evidence of father's inability to remain free from incarceration, current drug use, lack of rehabilitation, denial of mother's role, and habitation with mother, and the evidence the children suffered from severe neglect in parental custody and require consistent attachment figures if they are to develop, is substantial evidence supporting the finding the children are at substantial risk in father's custody and there are no reasonable alternative means to protect them without removing them from his custody. (§ 361, subd. (c).) The dependency court's decision to remove the children from father's custody was not an abuse of discretion.

## DISPOSITION

The judgment and orders are affirmed.


KRIEGLER, J.


We concur:


TURNER, P. J.


MOSK, J.

8